# INTERNATIONAL BANK
## v.
## GEORGE BARTALOTT.

1. MONEY PAID BY MISTAKE.—It is well settled that an action for money had and received will lie to recover back money paid under mistake of a material fact.

2. STATUTE OF LIMITATIONS—REPLICATION TO PLEA.—Where a plea of the statute of limitations is filed to an action for the recovery of money alleged to have been paid by mistake, a replication setting up that the defendant received and retained the money *mala fide*, does not amount to an avoidance under section 22 of the statute as to a fraudulent concealment of the cause of action.

3. INSTRUCTIONS WHEN STATUTE OF LIMITATIONS PLEADED.—Where the defense sets up the bar of the statute of limitations, an instruction on the part of the plaintiff, as to his right of recovery, which ignores the question of the statute of limitations, is erroneous.

4. INSTRUCTIONS WHICH SUBMIT QUESTIONS OF LAW.—An instruction which leaves to the determination of the jury a question of law is erroneous.

APPEAL from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed November 29, 1882.

This action was *indebitatus assumpsit*, brought by Bartalott as plaintiff against the International Bank as defendant, to recover back the sum, with legal interest thereon, of fifteen thousand dollars, which sum had been paid by plaintiff to defendant, April 6, 1874, and retained by the latter to the use of the plaintiff. Defendant filed a plea of non-assumpsit, and a special plea of the statute of limitations of five years. There was no replication traversing such plea, but only in avoidance thereof. The facts and circumstances set out tend only to show that the plaintiff was induced to pay the money to the defendant by means of fraud; or, in other words, that defendant received and retained it *mala fide*, but do not amount to a sufficient avoidance under section twenty-two of the statute as to fraudulent concealment of the cause of action for such period as to bring the time of bringing the action within five years from the time of the discovery of

such cause of action.  On this replication issue was taken,
and it appeared on the trial that plaintiff purchased, October
12, 1870, from Samuel J. Walker, certain described premises
situate in Chicago, for the consideration of $48,500.  No ab-
stract was seen by plaintiff, but Walker representing that the
premises were free of all incumbrance, the plaintiff accepted
and relied upon a deed containing full covenants of war-
ranty.  About April 4, 1874, plaintiff procured an abstract
of title, and then discovered a mortgage of record upon the
property, dated July 22, 1869, to secure two promissory notes
made by Walker for $15,000 each.  That at time of purchase
plaintiff had no actual notice of said mortgage, did not pur-
chase in reference thereto or assume the same.  That he as-
certained the notes and mortgage were in the hands of the
defendant corporation, and, upon inquiry, was told by the
president of the bank that there was still due on said notes to
the bank the sum of $20,000.  Samuel J. Walker also told
him that amount was still due.  That desiring to have his
premises released he was compelled to, and did pay the bank,
April 6, 1874, the sum of $15,000, in order to get such re-
lease.  The plaintiff gave evidence tending to show that be-
fore the time when he made inquiry of the president of the
bank respecting said notes, and was told that there was the
sum of $20,000 still due upon them, said notes had in fact
been paid and satisfied.  Upon this latter point evidence of a
contrary tendency was given on behalf of defendant.

Evidence was also introduced on behalf of plaintiff, tend-
ing to show a fraudulent concealment on the part of the defend-
ant's agents, of facts respecting said notes and their payment
and satisfaction prior to the time when plaintiff was told
there was still due and unpaid upon them the sum of $20,000.
As to certain of those facts, the evidence was also conflicting.
The court gave to the jury, on behalf of the plaintiff, the fol-
lowing instructions:

1.  " If the jury believe from the evidence that the plaintiff,
Bartalott, was induced, through the fraudulent misrepresenta-
tions of the president of the defendant International Bank, to
pay money to the said bank to obtain a release of said plaintiff's

property from an indebtedness, the notes representing which, at the time of said payment (if so made), had been previously surrendered or canceled; and shall further believe from the evidence that said Bartalott, at the time of such payment (if so made), was not indebted to said bank, and further believe that said plaintiff, either personally or through his agent, had made diligent inquiry to ascertain the true state of the facts in regard to the matter, prior to making said payment (if so made), then the jury will find for the plaintiff, and assess his damages at such an amount as the jury believe, from the evidence, has been proven by the evidence that the plaintiff paid to the defendant International Bank, with interest thereon at the rate of six per cent. per annum, from the time such payment was made.

2. "And if the jury further believe from the evidence that a fraud was practiced upon said plaintiff by the defendant bank, through which said plaintiff was wrongfully induced to pay money to said bank, then the plaintiff is entitled to recover the amount of such payment, with interest thereon at the rate of six per cent. per annum, from the date of such payment.

3. "The court instructs the jury for the plaintiff, if a person liable to an action, fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterward. And if the jury believe from the evidence that the plaintiff had a cause of action against the defendant [International Bank on or after the 4th day of April, 1874, and that said cause of action was fraudulently concealed by the said defendant from the knowledge of said plaintiff, and that said cause of action was not discovered by said plaintiff until within five years last past, and that said action has been brought within five years since the discovery of said cause of action by said plaintiff, and that said plaintiff used due diligence in the premises, then the jury are instructed that the statute of limitations has not run against said cause of action."

The jury found for plaintiff and assessed his damages at $22,185. On which the court, overruling defendant's motion for a new trial, gave judgment, from which defendant appealed to this court.

Messrs. ROSENTHAL & PENCE, for appellant; that the facts relied upon as constituting the fraudulent concealment must be set out in the replication, cited Beatty v. Nickerson, 73 Ill. 605; Wood v. Carpenter, 101 U. S. 135.

The statute begins to run when the fraud is perpetrated: Wynne v. Cornelison, 52 Ind. 312.

There must be distinct averments of the time when the fraud was discovered: Stearns v. Page, 7 How. 819; Moore v. Greene, 19 How. 69; Baubien v. Baubien, 23 How. 190; Badger v. Badger, 2 Wall. 95; Carr v. Hilton, 1 Curtis, C. C. 220.

The fraud must be one that is secret and concealed: Martin v. Smith, 1 Dillon, 85.

If a person has sufficient information to lead him to a fact, he shall be deemed conversant with it: Kennedy v. Greene, 3 Myl. & K. 722; Angell on Limitations, § 187.

A party must show that he has used due diligence, and if he had the means of discovery in his power, he will be held to have known it: Buckner v. Calcote, 28 Miss. 432; Nudd v. Hamblin, 8 Allen, 130; Cole v. McGlathry, 9 Me. 131; McKown v. Whitmore, 31 Me. 448; Rouse v. Southaw, 39 Me. 404.

The concealment must result from positive acts: Boyd v. Boyd, 27 Ind. 429; Stanley v. Stanley, 36 Ind. 445; Wynne v. Cornelison, 52 Ind. 312.

Where no ground of action is set out, the pleading will not be aided by verdict: Williams v. Hingham Turnpike, 4 Pick. 341; Needham v. McAuley, 13 Vt. 68; Carlisle v. Weston, 1 Met. 26; Griffin v. Pratt, 3 Conn. 513; Woods v. Hynes, 1 Scam. 105.

A compromise will always be sustained, and parties can not go into the question afterward as to where the right lies: McKinley v. Watkins, 13 Ill. 144; Goltra v. Sanasuck, 53 Ill. 456; 1 Story's Eq. Jur. § 131; 2 Lead. Cas. Eq. 1685.

He who is put upon inquiry has notice: Angell on Limitations, § 187; Am. Ins. Co. v. Crawford, 7 Bradwell, 29.

It is error to submit questions of law to the jury by an instruction: Wallard v. Worthman, 84 Ill. 446; Shugart v. Halliday, 2 Bradwell, 45; Harding v. Hall, 83 Ill. 506; C. B. & Q. R. R. Co. v. Hall, 2 Bradwell, 159; Am. Ins. Co. v. Crawford, 7 Bradwell, 29.

Messrs. Leaming & Thompson, for appellee; that defects in the pleading, if any, are aided by verdict, cited Heinman v. Schroder, 74 Ill. 158; Compton v. The People, 86 Ill. 176; Warren v. Harris, 2 Gilm. 307; Sullivan v. Dollins, 13 Ill. 85; Rev. Stat. 129.

Admissions of a party, no matter where made, are evidence against him: Robbins v. Butler, 24 Ill. 427; C. &. N. W. R. R. Co. v. Boone Co. 44 Ill. 245.

There must be a substantial variance between the proof and the declaration to be fatal: Keiser v. Topping, 72 Ill. 226; Frazer v. Smith, 60 Ill. 145; Noyes v. McLaflin, 62 Ill. 474.

McAllister, J.    It is well settled and familiar law, that the action for money had and received to the use of the plaintiff will lie, to recover back money paid by him, under mistake of a material fact; that is, under mistake of such fact, as would, in the absence of such mistake, have rendered him liable to pay the money or subjected him to the necessity of paying it, in order to relieve his property from an incumbrance.    Chitty on Contracts, 10th Am. Ed. 694, and cases in notes.    Marriot v. Hampton, 2 Smith's Lead. Cas. * 400, et seq. If, therefore, the plaintiff paid to defendant the sum of fifteen thousand dollars, as and for a balance due upon Walker's two notes of fifteen thousand dollars each, and they had been secured by a mortgage held by defendant, which was an apparent incumbrance upon the real estate which plaintiff had purchased of Walker; if, before the time of such payment by the plaintiff, said Walker had, in fact, paid off said indebtedness upon said notes, to the defendant, so that at the time the plaintiff paid said fifteen thousand dollars to defendant as aforesaid, no part of Walker's indebtedness upon said

notes remained unpaid; and if the plaintiff, at the time he so paid said fifteen thousand dollars to defendant, had no knowledge of the fact of such previous payment by said Walker, but made such payment under a real mistake, as to the fact of such previous payment by said Walker for the purpose of freeing his premises from a supposed incumbrance, without any laches on his part, or any intention to waive all inquiry into the truth of the matter of the amount actually due to the defendant, then, upon the making such payment by the plaintiff, under the circumstances aforesaid, a cause of action accrued to him and he had an immediate right of action against defendant, to recover back the amount so paid as so much money received by the defendant, to the plaintiff's use.

Before we speak of the instructions for plaintiff, whose correctness is challenged by defendant's counsel, we must develop another aspect of the case, although the evidence below tended to support each of the above hypotheses. The payment of the fifteen thousand dollars, by the plaintiff is an undisputed fact in the case; there was evidence tending to show, that at the time it was made, there was nothing due to defendant in respect of the Walker notes; that plaintiff made the payment under an actual mistake as to the fact of the Walker debt having been previously paid; and that no laches was imputable to him. But a cause of action accrued to plaintiff immediately upon his making the payment under such circumstances, and that was April 6, 1874. This suit was not brought until October 17, 1881, and was after the lapse of five years from the accruing of the cause of action. *Prima facie*, therefore, the right of action was barred by the statute of limitations, which was pleaded. To avoid the bar of the statute, it was incumbent on the plaintiff, to set up by way of replication, to that plea, facts and circumstances showing that the defendant corporation, through some of its managing officers or agents, having authority to act in the premises had, with the fraudulent design of concealing from the plaintiff the fact of such previous payment by said Walker of the indebtedness upon said notes, resorted to, and used some false representations, or some trick or artifice calculated

to and which did have the effect of concealing such fact from plaintiff (notwithstanding the exercise, on his part, of diligence, reasonable and proper, in view of all the circumstances) for and during such period of time as will bring the time of the commencement of this suit within five years from the time when plaintiff discovered such fact; the replication also setting forth when and how such discovery was made.

We are of opinion that the replication in this case is substantially wanting in the above requisites, and that it can be only regarded as tendering an immaterial issue.

We are also of opinion that each of the instructions, given on behalf of plaintiff, is radically wrong. By the first, the court improperly assumes the vital fact in controversy, as to the original cause of action, viz.: the previous payment and cancellation of the two notes in question. By it the court directs a verdict for the plaintiff solely upon the hypothesis that plaintiff was induced to pay the money through the fraudulent misrepresentations of the president of the defendant corporation, and diligent inquiry on the part of the plaintiff, as to the true state of facts; wholly ignoring the defense of the statute of limitations.

The second instruction has the same defect. It directs a verdict for plaintiff, irrespective of any questions arising upon the plea of the statute of limitations, and upon the sole hypothesis that a fraud was practiced upon the plaintiff by the defendant, through which the plaintiff was wrongfully induced to pay money to the defendant. The only money defendant ever received of plaintiff, so far as the case shows, was April 6, 1874. This suit was not begun until October 17, 1881. The plea of the statute of limitations was, therefore, sustained, unless it was avoided by the fraudulent concealment by defendant of the cause of action, as above stated. By the third instruction, the court submits it to the jury to determine the rather difficult question of law, whether the plaintiff originally had a cause of action against the defendant. That these were all material and prejudicial errors, there can be no doubt. Other points for reversal are made,

but which we do not deem it necessary to consider; for those pointed out, the judgment will be reversed and the cause re-manded.

                    Judgment reversed.